**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**VERONICA GAY,**

                **Plaintiff,**           **Case No.:**

    **v.**

**NATIONAL GRID USA SERVICE**      **COMPLAINT AND DEMAND FOR**
**COMPANY, INC.,**                    **JURY TRIAL**

           **Defendant.**         **(Unlawful Debt Collection Practices)**

## COMPLAINT

VERONICA GAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL GRID USA SERVICE COMPANY, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant conducts business in the State of New York and, as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Buffalo, New York 14213.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation with its principal place of business located at 40 Sylvan Road, Waltham, Massachusetts 02451.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


**FACTUAL ALLEGATIONS**

10.      Plaintiff has a cellular telephone number that she has had for over a year.

11.      Plaintiff has only used this number as a cellular telephone number.

12.      The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.      In or about January of 2015, Plaintiff began to receive automatically dialed calls from Defendant.

14.      On or about February 10, 2015, Plaintiff mailed Defendant a cease and desist letter telling Defendant to cease contacting Plaintiff.

15.      On or about June 29, 2015, Plaintiff filed a Complaint against Defendant alleging violations of the TCPA.[1]

16.      Specifically, Plaintiff alleged that Defendant was calling her cellular telephone with an automated telephone dialing system without consent.

---

[1] The calls made from Defendant to Plaintiff in 2015 are not at issue in this suit and are only referenced for background.

- 2 -

PLAINTIFF'S COMPLAINT

17.     Plaintiff's aforementioned case against Defendant resolved in or about March of 2016.

18.     Beginning in or around May of 2016, and continuing thereafter, Defendant resumed calls to Plaintiff on the very same cellular telephone number on a repetitive and continuous basis.

19.     In connection with the above, more than 30 autodialed calls originating from Defendant, were placed to Plaintiff's cell phone. Plaintiff took pictures of each incoming phone call and saved them for purposes of documentation.

20.     Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

21.     Defendant's telephone calls were not made for "emergency purposes."

22.     Defendant knew that consent for automatically dialed telephone calls had not been obtained because not only had Plaintiff previously told Defendant to stop calling but also and because Defendant had received a revocation of consent letter from Plaintiff's counsel in connection with the prior litigation.

23.     Upon information and belief, Plaintiff believes that Defendant may claim that Plaintiff gave Defendant consent to continue calling because Plaintiff verified her phone number to Defendant when making a post-settlement payment on account by telephone.

24.     Plaintiff has a recording of the phone call referenced in the previous paragraph which comes from Defendant's records and was supplied by Defendant to Plaintiff's counsel prior to the filing of suit. See attached audio file at Exhibit A.

25.     As the recording of the aforementioned call reveals, Defendant's representative asks Plaintiff to confirm personal information to **verify her identity**.

- 3 -

PLAINTIFF'S COMPLAINT

26.     Plaintiff confirmed her cellular telephone number along with other personal information for "**account verification.**"

27.     Defendant never sought consent from Plaintiff to automatic dialed calls from Defendant.

28.     Plaintiff was never asked to reconsider her unambiguous revocation of consent that her lawyer had served upon Defendant at the inception of the original litigation.

29.     On July 7, 2016, Plaintiff's counsel informed Defendant's counsel that Plaintiff had at that time, received in excess of 20 calls and instructed Defendant's counsel to cease Defendant's calls Plaintiff.

30.     Despite the communication to counsel, the very next day, on July 8, 2016, Plaintiff received multiple autodialed calls from Defendant, after again having been instructed to cease calling.

31.     Plaintiff continued to receive calls from Defendant.

32.     In sum, Plaintiff revoked her consent to receive calls from Defendant by cease and desist letter in the prior litigation and again prior to this action and never gave "new" consent for Defendant to resume placing automatically dialed calls.

33.     Defendant's aforesaid actions violated the TCPA.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

34.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

36.     Defendant's calls to Plaintiff were not made for emergency purposes.

- 4 -

37.     Defendant's calls to Plaintiff, during May of 2016 and after, were not made with Plaintiff's prior express consent.

38.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VERONICA GAY, respectfully prays for a judgment as follows:

       a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

       b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

       c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

       d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

       e.     Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

1

2          PLEASE TAKE NOTICE that Plaintiff, VERONICA GAY, demands a jury trial in this

3     case.

4                                              Respectfully submitted,

5

    Dated: August 9, 2016                      By: /s/ Craig Thor Kimmel
6                                              Craig Thor Kimmel, Esquire
                                               Attorney ID # 2790038
7                                              Attorney for Plaintiff
                                               Kimmel & Silverman, P.C.
8                                              1207 Delaware Avenue, Suite 440
                                               Buffalo, NY 14209
9                                              Phone: (716) 332-6112
                                               Facsimile: (877) 788-2864
10                                             Email: kimmel@creditlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT